UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA ABRAMS, an individual, PRESTON FORTNEY, an individual; NOE LUNA, an individual; SALESH JATAN, an individual; NANCI WIRTH, an individual; ADAM YOUNG, an individual; EMERIO BENAVIDES, an individual; JEFFREY SHARP, an individual; ANA HLEDIK, an individual; and FE HLEDIK, an individual, all on behalf of themselves and all similarly- situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>PEPPERMILL CASINOS, INC., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:16-cv-00454-MMD-VPC<br><br>ORDER |

### I. SUMMARY

Plaintiffs, Joshua Abrams, Preston Fortney, Noe Luna, Salesh Jatan, Nanci Wirth, Adam Young, Emerio Benavides, Jeffrey Sharp, Ana Hledik, Fe Hledik ("Plainiffs") brought a class action suit in Nevada state court against their employer, Peppermill Casinos, Inc., ("Defendant"), alleging that Defendant fails to provide the minimum hourly wage rate required under Article XV, Section 16 of the Nevada Constitution (the "Minimum Wage Amendment" or the "Amendment") and to provide an employee health benefit plan as required under NRS § 608.1555. (ECF No. 1-2.) Defendant removed the action on the basis of federal question jurisdiction under 28 U.S.C. §§ 1331, 1441(c), and 1446. (ECF

No. 1.) In response, Plaintiffs moved to remand, alleging that their state-law claims are not preempted by the Employee Retirement Income Security Act ("ERISA"). Defendant filed a response (ECF No. 10), arguing that ERISA preemption applies to the second state-law claim in Plaintiffs' amended class action complaint and requires removal. Plaintiff then filed a reply (ECF No. 11). For the reasons discussed below, the Motion to Remand is denied.

Defendant also filed a Motion for Temporary Stay of Proceedings ("Motion for Stay") pending the disposition of three issues relating to the Minimum Wage Amendment. (ECF No. 6.) The Motion to Stay is denied as moot.

## II.   BACKGROUND

In their amended class action complaint, Plaintiffs advance two claims based on allegations that Defendant has violated and continues to violate the Minimum Wage Amendment by failing to pay the required upper-tier minimum wage or to provide qualified health benefit plans that have the same benefits as those listed in NRS § 608.1555 and chapters 689A and 689B by reference. (ECF No. 1-2 at 7-11.)

The Minimum Wage Amendment establishes a two-tier minimum wage with the hourly rates increasing over time. The higher-tier minimum hourly rate was initially set in 2006 at $6.15 while the lower-tier rate was set at $5.15. (ECF No. 1-2 at 3.) By 2016, under the Amendment's index, the higher-tier hourly minimum wage has increased to $8.25 and the lower-tier rate is set at $7.25 (*Id.*) The Amendment provides employers with the option to (1) pay the higher-tier minimum wage or (2) pay the lower-tier minimum wage and offer health insurance to employees and their dependents and do so at a total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable income from the employer. Nev. Const. art. XV, Section 16(A). This subsection of the Amendment also states that if there is a health benefit plan provided by an employer, the employer must provide "health benefits as described herein." Plaintiffs take this statement — "health benefits as described herein" —to argue that any qualified health plan under the Amendment must be compliant with NRS § 608.1555, which states that

"any employer who provides benefits for health care to his or her employees shall provide the same benefit and pay providers of health care in the same manner as a policy of insurance pursuant to chapters 689A and 689B of NRS." NRS § 608.1555. Based on this interpretation, Plaintiffs claim that Defendant is improperly paying them the lower-tier wage because Defendant fails to provide health benefits as required by NRS § 608.1555. (ECF No. 1-2 at 7.)

### III. MOTION FOR STAY (ECF No. 6)

Defendant moved for a temporary stay of the proceedings pending review of three issues of law before the Nevada Supreme Court: (1) whether "providing" health benefits as stated in the Amendment requires employers to make insurance available to their employees or, in the alternative, whether it requires employers to actively enroll their employees in offered health insurance plans; (2) whether an employee's tip-income should be factored into an employee's gross taxable income for calculating insurance premiums; and (3) whether the Amendment's silence as to a statute of limitations means there is a "limitless" statute of limitations for claims brought under the Amendment or if instead NRS § 608.260's two-year statute of limitations applies. (ECF No. 6 at 2.) The Nevada Supreme Court resolved these issues in two en banc decisions. *See MDC Restaurants, LLC et al v. The Eighth Judicial Dist. Court*, 132 Nev. Op. 76 (Oct. 27, 2016); *Perry v. Terrible Herbst, Inc.*, 132 Nev. Adv. Op. 75 (Oct. 27, 2016). The court ruled that: (1) the Amendment's direction to "provide" health insurance requires that employers offer health insurance, not enroll their employees in plans; (2) a two-year statute of limitation applies to claims brought under the Amendment; and (3) employers may not factor in the employee's tip-income when calculating insurance premiums. Because these issues have been decided, Defendant's Motion for Stay (ECF No. 6) is denied as moot.

### IV. MOTION TO REMAND (ECF No. 7)

Defendant seeks removal on the basis that Plaintiffs' second claim — that under NRS § 608.1555 Defendant failed to provide the same benefits and pay health care providers in the same manner as a policy of insurance pursuant to NRS Chapters 689A

3

and 689B — is completely preempted by § 514 of ERISA because it references an employee benefit plan. (ECF No. 1 at 2.) Defendant reasons that this Court must exercise federal question jurisdiction over the second claim and may also exercise supplemental jurisdiction over the first claim. (*Id.* at 4.) In their Motion to Remand, Plaintiffs argue that Defendant has not demonstrated "complete" preemption but has, at best, shown only "conflict" preemption, which cannot form a basis for federal question jurisdiction or removal from state court.[1] (ECF No. 7 at 2, 5.) The Court disagrees and finds that complete preemption under ERISA is satisfied.

Under the well-pleaded complaint rule, "federal question jurisdiction cannot be based on a defense or counterclaim asserted by a defendant." (ECF No. 7 at 2.) However, Plaintiffs aptly point out that there is an exception to this rule when a federal statute wholly displaces state-law cause of action through complete preemption. *See Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). More specifically, the Ninth Circuit has held that this exception applies to state-law causes of action that are completely preempted by the civil enforcement provisions in § 502(a) of ERISA. *Id.* Complete preemption under § 502(a) is "really a jurisdictional rather than a preemption doctrine, [as it] confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Marin General Hosp.*, 581 F.3d at 945 (citing *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008)).

In *Aetna Health Inc. v. Davila*. 542 U.S. 200 (2004), the Supreme Court held that a state-law claim is completely preempted by ERISA where (1) the plaintiff could have brought his claim under § 502(a) and (2) no other legal duty supports the plaintiff's claim. Davila, 542 U.S. at 210. The Court will apply this two-prong test to determine whether Plaintiffs' second claim is subject to complete ERISA preemption.

---

[1] Defendant argues in response to the Motion to Remand that both complete and conflict preemption apply to Plaintiffs' second claim. (ECF No. 10 at 2.)

4

### 1. *First Prong: could the action have been brought under § 502(a)*

§ 502(a) provides that a beneficiary may bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The first prong of *Davila* is satisfied as long as part of a lawsuit falls within the scope of § 502(a). *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1109 (9th Cir. 2011).

Plaintiffs' analysis of *Davila*'s first prong addresses both state-law claims, instead of just the second state-law claim, and argues that both claims deal only with matters of state constitutional law. (ECF No. 7 at 6.) Yet, Plaintiffs allege that Defendant has violated the Amendment by failing to "provide the same benefits and pay providers of health care in the same manner as a policy of insurance pursuant to NRS Chapters 689A and 689B" and must therefore pay Plaintiffs the higher-tier minimum wage under the Amendment. (ECF No. 1-2 at 4.) How a court resolves the second claim will dispose of the first claim, and the second claim clearly falls within the purview of § 502(a). Plaintiffs are asking a court to determine what employee health care benefits Defendant is failing to provide such that Defendant must pay Plaintiffs the higher-tier minimum wage. The Court finds that Plaintiffs' second claim amounts to a clarification of rights under § 502(a) and satisfies the first prong of *Davila*.

### 2. *Second Prong: whether other legal duty supports Plaintiffs' second claim*

The second prong of *Davila* is satisfied if there is no other independent legal duty implicated by Defendant's actions. *Davila,* 542 U.S. at 210. Plaintiffs argue that the Amendment imposes an independent legal duty upon Defendant to pay a particular minimum wage to its employees. While this is true, the way Plaintiffs have chosen to interpret the Minimum Wage Amendment requires a determination of what benefits Defendant has failed to provide under Nevada law with regard to employer-sponsored health insurance plans. If Plaintiffs had alleged in their complaint that Defendant failed to

5

meet the requirements of the Amendment by failing to make available a health benefit plan to an employee and her dependents or by charging the employee higher than a ten percent (10%) premium from her gross taxable income from Defendant, then Plaintiffs would have asserted a claim based on an independent legal duty under the Amendment. However, the complaint relies on a particular reading of the Amendment to ask this Court to determine whether the benefits provided by Defendant fail to satisfy the requirements under NRS Chapters 689A and 689B. NRS § 608.1555 (and therefore Chapters 689A and 689B) clearly relates to an ERISA-regulated plan.[2]

Moreover, the Nevada Office of the Labor Commissioner adopted a regulation specifying that a health benefit plan under the Amendment that qualifies an employer for the lower-tiered wage is one that qualifies as an employee welfare benefit plan under ERISA. *See* NAC § 608.102(a)(b)(2)(II).

The Court finds that the second prong of *Davila* is satisfied. Plaintiffs' second claim is completely preempted by ERISA and requires removal to federal court. The Court extends supplemental jurisdiction to Plaintiffs' first claim pursuant to 28 U.S.C. § 1367(c). The Motion to Remand is therefore denied.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiffs' Motion to Remand (ECF No.7) is denied.

///

---

[2] An ERISA "plan" is an "employee welfare benefit plan," defined as a "plan, fund, or program which . . . is . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants . . . , through the purchase of insurance or otherwise . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) and (3). NRS Chapters 689A and 689B do not fall under any of ERISA's exceptions to an employee welfare benefit plan.

6

It is further ordered that Defendant's Motion for Temporary Stay of Proceedings (ECF No. 6) is denied as moot

The Court granted the parties' stipulation to stay briefing on Defendant's Motion to Dismiss pending the Court's disposition of the Motion to Remand. (ECF No. 9.) However, the Court's ruling on the Motion to Remand may affect the arguments presented in the Motion to Dismiss. The parties are directed to meet and confer on Defendant's Motion to Dismiss and if they cannot reach a resolution, Defendant will be given leave to file a renewed motion to dismiss. Accordingly, Defendant's Motion to Dismiss (ECF No. 5) is denied without prejudice. Defendant is given leave to file a renewed motion to dismiss within thirty (30) days.

DATED THIS 15th day of February 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE