UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA ABRAMS, et al.,<br><br>Plaintiff,<br><br>v.<br><br>PEPPERMILL CASINOS, INC.,<br><br>Defendants. | Case No. 3:16-CV-0454-MMD (VPC)<br><br>**ORDER** |

Before the court is the motion of defendant Peppermill Casinos, Inc. ("defendant) to stay this case pending ruling on motion to dismiss (ECF No. 26). Plaintiffs, Joshua Abrams, et al., ("plaintiffs") responded (ECF No. 28), defendant replied (ECF No. 29), and this order follows.

**I.   Procedural History**

Plaintiffs, on behalf of themselves and the putative class, assert the following claims against the defendant: (1) violation of Article XV, Section 16 of the Nevada Constitution; and (2) a declaratory relief action alleging a violation of N.R.S. 608.1555 (ECF No. 1, Exh. B). Plaintiffs allege they were improperly paid below Nevada's upper tier minimum wage because they were not provided "quality health insurance" pursuant to the Nevada Constitution and N.R.S. 508.1555. (*Id.*) The basis of these allegations is Nevada's two-tier minimum wage (currently $7.25 if qualified health insurance is offered and $8.25 if it is not) and plaintiffs' assertion that N.R.S. 608.1555 defines what benefits must be provided to constitute "health insurance." (*Id.*) The parties describe the legal and factual issues in this case as follows: "whether the Defendant was permitted to pay Plaintiffs and the putative class less than $8.25 per hour as a result of offering each of them its health plan [, and] [w]hether Plaintiffs' two causes of action based on allegations

that NRS 608.1555 defines what benefits must be provided to constitute 'health insurance' under Nevada's Minimum Wage Act ("MWA") are preempted by ERISA and must be dismissed?" (ECF No. 25).

The defendant removed this case to federal court on the basis that plaintiffs' N.R.S. 608.1555 claims and Nevada Constitution claims are completely preempted by ERISA (ECF No. 1). The defendant also filed a motion to dismiss, seeking dismissal of the entire lawsuit on those same grounds (ECF No. 5). Plaintiffs filed a motion to remand (ECF No. 7) and argued that ERISA preemption did not apply; however, the District Court denied that motion and found that complete preemption did apply (ECF No. 16). The District Court also denied the defendant's motion to dismiss without prejudice, but directed the parties to meet and confer, since – in light of its order – the Court hoped the parties might be able to reach a resolution that would change the defendant's arguments in the motion to dismiss (ECF. No. 16). The parties met and conferred, but reached no resolution (ECF No. 25). Instead, plaintiffs filed a motion for reconsideration of the order denying the motion for remand (ECF No. 17), which is now under submission to the District Court. The defendant also renewed its motion to dismiss (ECF No. 18). Therefore, the parties find themselves back where they were in June 2016 – one year ago – when they filed the initial motion to remand and motion to dismiss (ECF Nos. 5 & 7).

**II.     Legal Analysis and Discussion**

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, the court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); *see also Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

Further, in assessing a request to stay discovery, the court takes a "preliminary peek" at the merits of the dispositive motion. *Tradebay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). This "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id.* Common examples of situation in which good cause has been found to stay discovery are when jurisdiction, venue, or immunity are preliminary issues. *Id.* Ultimately, the party seeking the stay "carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975)).

The court finds that under the circumstances of this case, a stay is warranted. It is undisputed that plaintiffs' claims are based on the assertion that health insurance plans under the MWA must provide the same benefits and pay providers of health care in the same manner as a policy of insurance pursuant to N.R.S. 608.1555. The District Court rejected this argument, and the Nevada Supreme Court recently held that the MWA itself defines health insurance. See ECF No. 16; *Western Cab Company v. Eighth Judicial District Court,* 133 Nev. Adv. Op. 10 (Mar.16, 2017). *See also Tyus et al., v. Wendy's of Las Vegas*, et al., 2:14-cv-00729-GMN-VCF (ECF No. 81).

The defendant's renewed motion to dismiss may well be dispositive of the entire case, as defendants requests dismissal with prejudice on the bases that: (1) N.R.S. 608.1555 is preempted by ERISA; (2) the plain language of the MWA makes no reference to N.R.S. 607.1555; and (3) plaintiffs have not alleged any facts that demonstrate a plausible deficiency in the defendant's health benefits (ECF No. 18). In its February 15, 2017 order the District Court addressed two of these arguments when it found that plaintiffs' second claim for relief is entirely preempted by ERISA and how it resolved the second claim for relief "will dispose of the first claim." (ECF No. 16 at 5:14-15). In essence, the District Court itself took a "preliminary peek" at the amended complaint and appeared to determine it should be dismissed, but encouraged the parties to meet and confer on defendant's motion to dismiss. (*Id.*) The District Court gave defendant leave to

renew its motion to dismiss if no resolution could be reached. One was not; instead, plaintiffs moved the District Court to reconsider its order and defendant renewed its motion to dismiss.

Finally, the court does not believe that either party will suffer prejudice or hardship if discovery is stayed. The District Court has signaled its views about the viability of plaintiffs' claims for relief, and notwithstanding the passage of one year since the case was removed to Federal Court, this court is convinced that a stay is proper under these circumstances.

Defendant's motion for stay pending ruling on motion is dismiss (ECF No. 26) is **GRANTED**.

DATED: June 8, 2017.

_____
UNITED STATES MAGISTRATE JUDGE