1

2

3

4                    UNITED STATES DISTRICT COURT

5                        DISTRICT OF NEVADA

6                                * * *

7  JOSHUA ABRAMS, an individual;            Case No. 3:16-cv-00454-MMD-VPC
   PRESTON FORTNEY, an individual; NOE
8  LUNA, an individual; SALESH JATAN, an                ORDER
   individual; NANCI WIRTH, an individual;
9  ADAM YOUNG, an individual; EMERIO
   BENAVIDES, an individual; JEFFREY
10 SHARP, an individual; ANA HLEDIK, an
   individual; and FE HLEDIK, an individual,
11 all on behalf of themselves and all
   similarly-situated individuals,
12
                                Plaintiffs,
13      v.

14 PEPPERMILL CASINOS, INC., a Nevada
   corporation; and DOES 1 through 100,
15 inclusive,

16                              Defendant.

17

18 **I.     SUMMARY**

19      Pending before this Court is Plaintiffs' Motion for Reconsideration of Order Denying

20 Remand ("Motion to Reconsider") (ECF No. 17) and Defendant Peppermill Casinos, Inc.'s

21 Motion to Dismiss ("MTD") (ECF No. 18). The Court has reviewed the parties' responses

22 (ECF Nos. 20, 22), replies (ECF Nos. 21, 23), and Plaintiffs' accompanying exhibit to their

23 Motion to Reconsider (ECF No. 19-1).

24      For the reasons discussed below, the Court denies Plaintiffs' Motion to Reconsider

25 and grants in part Defendant's MTD.

26 **II.    BACKGROUND**

27      In their amended class action complaint ("FAC"), Plaintiffs advance two claims

28 against Defendant: (1) violation of Nevada's Minimum Wage Amendment ("MWA" or "the

Amendment") and (2) violation of NRS § 608.1555. As to their first claim, Plaintiffs contend that Defendant has violated the MWA by failing to provide qualified health benefit plans consistent with NRS § 608.1555, which states that "[a]ny employer who provides benefits for health care to his or her employees shall provide the same benefits and pay providers of health care in the same manner as a policy of insurance pursuant to chapters 689A and 690B of NRS." (ECF No. 1-2 at ¶¶ 73-75, 88-89; *see also* ECF No. 17 at 3 ("it is true that Plaintiffs allege that Defendant has violated the Amendment by failing to provide the same benefits and pay providers of health care in the same manner as a policy of insurance pursuant to NRS Chapters 689A and 689B") (internal quotation marks omitted).) Simultaneously, Plaintiffs' second claim contends that Defendant's proffered health care benefits do not meet the requirements of NRS Chapters 689A and 689B and, therefore, that Defendant has violated NRS § 608.1555. (ECF No. 1-2 at ¶¶ 93-94.)

In the Court's prior order (ECF No. 16), it denied Plaintiffs' motion to remand (ECF No. 7), finding that complete preemption under the Employee Retirement Income Security Act ("ERISA"), applied to Plaintiffs' second claim because NRS § 608.1555 "clearly relates" to an ERISA-regulated plan. (ECF No. 16 at 5.) The Court also found that Plaintiffs' reading of the MWA requires this Court "to determine whether the benefits provided by Defendant fail to satisfy the requirements under NRS Chapters 689A and 689B," which is the second claim for relief as well as the legal theory advanced in support of the first claim for relief. (*Id.* at 6.) Because "state causes of action that 'duplicate or fall within the scope of an ERISA § 502(a) remedy' are completely preempted and hence removable to federal court," *Aetna Health Inc. v. Davila*, 542 U.S. 200, 206 (2004) (quoting *Roark v. Humana, Inc.*, 307 F.3d 298, 305 (2002)) (internal alterations omitted), the Court found removal of Plaintiffs' second claim for violation of NRS § 608.1555 to be proper. The Court then chose to extend supplemental jurisdiction to Plaintiffs' first claim pursuant to 28 U.S.C. § 1367(c). (ECF No. 16 at 6.) Plaintiffs now move for reconsideration of that order.

///

**III.    MOTION TO RECONSIDER (ECF No. 17)** [1]

Plaintiffs argue that, in the Court's order denying their motion to remand, the Court misconstrued the allegations of the FAC because Plaintiffs "do not allege that Defendant must provide particular benefits to [Plaintiffs]" or that Defendant has failed to provide a "precise health benefit plan . . . as promised," and also contend that they "could not have brought [their second claim] under § 502(a) of ERISA." (ECF No. 17 at 3, 4.)[2] The Court disagrees and finds that it did not misconstrue the allegations in the FAC.[3]

### A.    Legal Standard

A court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; [4] (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

Thus, a motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*,

---

[1]Plaintiffs base their Motion to Reconsider on Fed. R. Civ. P Rules 59(e) and 60(b). (*See* ECF No. 17 at 2.) However, the Court's prior order was not a final judgment, so Rule 59(e) does not apply here.

[2]Yet, in the next sentence Plaintiffs also assert that Defendant "has offered substandard benefits plans to Plaintiffs." (ECF No. 17 at 3.) Plaintiffs seem to want to challenge the quality of the benefits plan but to avoid stating so.

[3]Plaintiffs are correct that the Court's prior order inaptly pointed to Nevada Administrative Code ("NAC") § 608.102(1)(b)(2)(ii), which states that a health benefit plan under the MWA that allows an employer to offer the lower-tiered wage is one that qualifies as an employee welfare benefit plan under ERISA (*see* ECF No. 17 at 4). That provision applies only in the context of employees who are unionized and where the employee health care plan is created pursuant to a Taft-Hartley trust. The Court pointed to it based on mistakenly reading NAC § 608.102(1) as a conjunction and not a disjunction. This error does not affect the Court's reasoning in denying remand.

[4]The Court takes Plaintiffs' Motion to Reconsider to be based on the Court's purported "mistake" or "inadvertence" in its prior order.

256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Motions for reconsideration are not "the proper vehicle for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnote omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

### B. Discussion

The Motion to Reconsider and accompanying reply, as well as Plaintiffs' opposition to Defendant's MTD, make clear that Plaintiffs have misunderstood the meaning of NRS § 608.1555 in arguing that their second claim is not preempted by ERISA.[5] For that reason, the Court clarifies its prior order by focusing exclusively on the statute's meaning—which applies only where there is an ERISA health care plan—so that it may elucidate why Plaintiffs' second claim is preempted.[6]

### 1. NRS § 608.1555

In Nevada, an employer has three choices: (1) provide no health insurance plan[7] to its employees; (2) provide a health insurance plan to its employees by purchasing a policy through a commercial insurance company;[8] or (3) create its own health care plan

///

///

---

[5]Plaintiffs state that the "textual construction [of NRS § 608.1555] clearly presupposes employers who do not provide benefits for health care." (ECF No. 22 at 8.)

[6]The Court agrees with Plaintiffs that their claims should be read independently of one another even though the legal theory by which they argue for their first claim is also the basis for their second claim. (*See* ECF No. 22 at 2, 3.) Considering each claim independently, the Court still finds that the second claim was properly removed on the basis of federal question jurisdiction, and that the Court has discretion to exercise supplemental jurisdiction over Plaintiffs' first claim.

[7]The Court refers to a "health insurance plan" also as "health care plan" and "health benefit plan." It is important to note the distinction between a "plan" and an "insurance policy" for purposes of ERISA preemption.

[8]This is referred to as an "insured plan" because an insurance company provides plan coverage. *See FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990) ("[E]mployee benefit plans that are insured are subject to indirect state insurance regulation. An insurance company that insures a plan remains an insurer for purposes of state laws 'purporting to regulate insurance.'").

for its employees,[9] which may or may not be administered by an entity separate from the employer. NRS § 608.1555 applies to the third category. Thus, based on the plain language of NRS § 608.1555 and the legislative history behind that statutory provision, the Court construed the second claim of the FAC to allege that Defendant acts as an insurer by providing a self-funded health care plan to its employees and that Defendant's plan fails to provide the benefits outlined in NRS Chapters 689A and/or 689B.[10]

When interpreting a statute, a court's "starting point is the plain language of the statute" itself. *United States v. Williams*, 659 F.3d 1223, 1225 (9th Cir. 2011). If a statute is unambiguous on its face, then that meaning controls and a court need look no further. *Children's Hosp. & Health Ctr. v. Belshe*, 188 F.3d 1090, 1096 (9th Cir. 1999). However, if a statute's meaning is not plain, a court may look to the legislative intent behind the statute. *See Exxon Mobil Corp. v. United States Envtl. Prot. Agency*, 217 F.3d 1246, 1251 (9th Cir. 2000). As noted, NRS § 608.1555 states that, "Any employer who provides benefits for health care to his or her employees shall provide the same benefits and pay providers of health care in the same manner as a policy of insurance pursuant to chapters 689A and 689B of NRS." Because the statute's use of "provides" may be ambiguous as to the fashion in which an employer provides its employees with health care benefits—i.e., whether the employer provides a health care plan by self-funding it or whether it provides a plan by purchasing a policy from a commercial insurance company—the Court turns to the legislative intent behind the statute to understand its meaning.

In 1985, the Nevada legislature adopted NRS § 608.1555 through the passage of Assembly Bill 647 ("AB 647"). While the primary purpose of AB 647 was to expand the

///

---

[9]This is referred to as a "self-funded plan" or an "uninsured plan"; "it does not purchase an insurance policy from any insurance company in order to satisfy its obligations to its participants." *FMC Corp.*, 498 U.S. at 54.

[10]Plaintiffs state that "Defendant [ ] is not an insurer" or a plan administrator. (ECF No. 17 at 2; ECF No. 21 at 4.) Given this purported fact and the Court's ensuing discussion of the meaning of NRS § 608.1555, Plaintiffs' second claim is nonsensical as pled. A claim under NRS § 608.1555 applies only where an employer acts as an insurer for an employee health care plan.

privileges of dentists and regulate the dental care industry,[11] the text of NRS § 608.1555 appeared in a proposed amendment submitted by state congressman Bob Kerns. Congressman Kerns stated that this amendment, whereby NRS § 608.1555 would become law, specifically applied to self-insuring employers and "would make a policy statement."[12] Important to Plaintiffs' second claim is that the legislative history indicates NRS § 608.1555 was created in order to mandate that the requirements for health insurance policies provided in the state of Nevada by commercial insurance companies also apply to self-insured employers, i.e., those who create and fund their own health care plans.[13] In other words, NRS § 608.1555 mandates that an employer who chooses to create its own employee health care plan provide within that plan the same sorts of health care benefits and coverage that insurance companies are required to provide pursuant to NRS Chapters 689A and 689B, which were enacted in 1971 in order to regulate the health insurance industry in the state of Nevada.[14] By providing an insurance plan for its employees and not purchasing a policy from a proper insurance company, NRS § 608.1555 ensures that the employer itself is subject to NRS Chapters 689A and 689B and is treated in the same manner as an insurance company.

### 2.     Claims for Violation of § NRS 608.1555 Prempted By ERISA

As Plaintiffs note, employers are not required to provide health insurance plans to their employees. (ECF No. 22 at 6.) However, if an employer does provide an employee

---

[11]A.B. 647, Summary of Legislation, 63rd Sess., at 3, 9 (Nev. 1985), https://www.leg.state.nv.us/Division/Research/Library/LegHistory/LHs/1985/AB647,1985.pdf.

[12]*Id.* at 13, 18, 37.

[13]*Id.* at 38.

[14]NRS Chapter 689A enacted the Uniform Health Policy Provision Law while NRS Chapter 689B created the Group or Blanket Health Insurance Law. A.B. 416, Summary of Legislation, 56th Sess. (Nev. 1971), https://www.leg.state.nv.us/Division/Research/Library/LegHistory/LHs/1971/AB416,1971.pdf.

State laws that regulate the health insurance industry are generally exempted from considerations of ERISA preemption. *See Metro. Life*, 471 U.S. 724, 741 (1985). This includes employee health insurance plans where an employer purchases a policy from an external insurance company. *Id.* at 724-25.

6

health care plan, NRS § 608.1555 applies only where the employer itself creates and insures the health care plan. Thus, a violation of NRS § 608.1555 may occur only where there is a self-funded employee health care plan and where that plan fails to provide the same health care benefits and pay providers in the same manner as policies of insurance that are offered by commercial insurance companies. Taking this into consideration as well as Plaintiffs' use of the term "proffered benefits"—implying an *existing* self-funded health care plan—the Court found that Plaintiffs' second claim was premised on the existence of a self-funded health care plan provided by Defendant.

Self-funded health care plans provided to employees by their employers are considered employee welfare plans within the meaning of ERISA (i.e., an "ERISA plan"). ERISA defines an employee welfare-benefit plan or welfare plan as one which provides employees "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability [or] death." 29 U.S.C. § 1002(1). Employee welfare "[p]lans may self-insure or they may purchase insurance for their participants" and their beneficiaries. *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 732 (1985). In the Court's prior order, it found that under § 502(a) of ERISA Plaintiffs' second claim amounts to a "clarification of rights" under an ERISA plan because NRS § 608.1555 "clearly relates to an ERISA-regulated plan."[15] (ECF No. 16 at 6.) Given the FAC's lack of facts as to how any health care benefits and coverage provided by Defendant fail to comply with the benefits and coverage mandated by NRS Chapters 689A and 689B—as those chapters apply to self-insured employee health care plans—the mere contention that NRS §

---

[15]In the Court's prior order, it stated that NRS Chapters 689A and 689B relate to an ERISA-regulated plan but could have stated more clearly that these chapters relate to ERISA-regulated plans in the context of health care plans under NRS § 608.1555. (*See* ECF No. 16 at 6.) Laws like NRS Chapters 689A and 689B are generally saved from ERISA preemption by ERISA's insurance saving clause, 29 U.S.C. § 1144(b)(2)(a). *See Metro. Life*, 471 U.S. at 746 ("If a state law 'regulates insurance,' as mandated-benefit laws do, it is not pre-empted."); *see also FMC Corp.*, 498 U.S. at 61 ("State laws that directly regulate insurance are 'saved' but do not reach self-funded employee benefit plans because the plans may not be deemed to be insurance companies" and "[a]n insurance company that insures a[n] [employee benefit plan] remains an insurer for purposes of state laws 'purporting to regulate insurance'").

1  608.1555 has been violated required this Court to assume the existence of an ERISA

2  plan. Because the FAC's allegations imply that Defendant offers health care benefits

3  through use of the term "proffered benefits" but alleges that these benefits do not meet

4  the requirements of NRS Chapters 689A and 689B—hence the FAC's request for a

5  declaration of such—Plaintiffs' second claim clearly could have been brought under §

6  502(a)(1)(B) to clarify rights under an ERISA plan.[16]

7      The Court was correct in denying Plaintiffs' motion to remand. Therefore, Plaintiffs'

8  Motion to Reconsider is denied.

9  **IV.    MOTION TO DISMISS (ECF No. 18)**

10      Defendant moves to dismiss Plaintiffs' FAC on three grounds: (1) both claims in

11  the FAC are preempted by ERISA; (2) the legal theory advanced by Plaintiffs as to how

12  Defendant has violated the MWA is not viable; and (3) Plaintiffs fail to allege any facts in

13  the FAC upon which to base their claims. (ECF No. 18 at 2-9.) The Court grants

14  Defendant's MTD as to Plaintiffs' second claim because NRS § 608.1555 is completely

15  preempted pursuant to ERISA's "deemer clause." However, because the Court declines

16  to exercise supplemental jurisdiction over the first claim, the MTD is denied as to Plaintiffs'

17  first claim.

18  _____

19      [16]To the extent Plaintiffs contend that there is no ERISA plan at issue here (*see*
ECF No. 17 at 3 as well as ECF No. 21 at 4), there is no basis to bring a claim for violation

20  of NRS § 608.1555 unless there is an "employee welfare benefit plan" within the meaning
of ERISA. If Defendant provides an employee health care plan that purchases policies

21  from commercial insurance companies (which is also considered an ERISA plan), then
those policies are directly regulated by NRS Chapters 689A and 689B, and NRS §

22  608.1555 would not be implicated. If Defendant does not provide an employee health
care plan whatsoever, then NRS § 608.1555 as well as NRS Chapters 689A and 689B

23  are not implicated at all either.

24      The Court notes that although it may consider facts outside the complaint when
determining whether remand is appropriate, *see Hamilton Materials, Inc. v. Dow Chem.
Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007), the Court cannot rewrite the complaint to cure

25  legal deficiencies with a claim. Here, even though Plaintiffs appear to clarify the
allegations in the FAC to state that Defendant provides no employee health care plan

26  whatsoever, a violation of NRS § 608.1555 applies only where an employer chooses to
self-fund a plan and fails to ensure the plan provides the same benefits and coverage

27  required in NRS Chapters 689A and 689B. The Court need not give deference to how a
plaintiff labels its claim, rather the Court must look at the conduct on which the claim is

28  premised.

## A. Legal Standard

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotation marks and citation omitted). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but it has not show[n] — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements

9

necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

## B. Discussion

Plaintiffs argue that the second claim in the FAC is not preempted by ERISA in part because NRS § 608.1555 does not refer to ERISA plans or apply solely to them and also because "[t]here is no ERISA plan." (*See* ECF No. 22 at 8-9.) As discussed at length previously, *see* Discussion *supra* III.B, the Court disagrees with Plaintiffs' reading of NRS § 608.1555. The Court therefore rejects Plaintiffs' argument and finds that NRS § 608.1555 is preempted pursuant to ERISA's "deemer clause," requiring dismissal of the second claim.

Section 514(a) of ERISA states that ERISA "shall supersede any and all State laws insofar as they . . . relate to any employee benefit plan" that is covered by the statute. 29 U.S.C. § 1144(a). While preemption does not apply to "any law of any State which regulates insurance," 29 U.S.C. § 1144(b)(2)(A), this exception to ERISA preemption is limited by the statute's "deemer clause," which states that "an employee benefit plan . . . shall [not] be deemed to be an insurance company or other insurer . . . or to be engaged in the business of insurance . . . for purposes of any law of any State purporting to regulate insurance companies[] [or] insurance contracts." 29 U.S.C. § 1144(b)(2)(B). Thus, state laws that effectively "deem" an employee benefit plan to be an insurer or in the business of insurance are preempted by ERISA. Moreover, the Supreme Court has held that self-funded or uninsured plans are exempt from state laws that regulate insurance as well as state laws that directly regulate those plans. *See FMC Corp.,* 498 U.S. at 61, 64.

While NRS Chapters 689A and 689B directly regulate insurance, *see supra* n. 15, NRS § 608.1555 seeks to regulate self-funded or uninsured plans by "deeming" employers who provide employee health care plans that self-insure to be in the business of insurance and by treating these plans "as a policy of insurance" under NRS Chapters 689A and 689B. By doing so, NRS § 608.1555 falls squarely within the purview of ///

10

ERISA's deemer clause and is preempted.[17] Plaintiffs' second claim is therefore dismissed with prejudice.

## V.    REMAND

Because of the dismissal of the claim that gives rise to federal question jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining claim relating to violation of the MWA. Therefore, the Court finds that remand is proper. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## VI.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiffs' Motion for Reconsideration of Order Denying Remand (ECF No. 17) is denied.

It is further ordered that Defendant's Motion to Dismiss (ECF No. 18) is granted as to Plaintiffs' second claim, which is dismissed with prejudice. The Court declines to address the remaining state law claim.

It is further ordered that this action is remanded to state court.

DATED THIS 15th day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[17]In *Metropolitan Life Insurance Company v. Massachusetts*, the Supreme Court acknowledged that its interpretation "results in a distinction between insured and uninsured plans, leaving the former open to indirect regulation while the latter are not" and that "[b]y doing so [the Court] merely gives life to a distinction created by Congress in the 'deemer clause,' a distinction Congress is aware of and one it has chosen not to alter." 471 U.S. at 747.